Case 4:25-cv-01296   Document 33   Filed on 07/11/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HLEVICTOR A. HOSKINS, JR.,** | § |
| | § |
| *Plaintiff*, | § |
| | § |
| VS. | § CIVIL ACTION NO. 4:25-CV-1296 |
| | § |
| **USAA CASUALTY INSURANCE COMPANY,** | § |
| | § |
| *Defendant*. | § |

## MEMORANDUM & ORDER

Before the Court is Plaintiff's Motion for Reconsideration of the Court's July 9, 2025 hearing and order dismissing Plaintiff's Amended Complaint with prejudice. ECF No. 30. Plaintiff noticed an appeal before filing his Motion for Reconsideration.[1] For the reasons that follow, the Court finds that the Motion should be **DENIED**.

A Rule 59(e) motion "calls into question the correctness of a judgment." *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has explained that Rule 59 reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). As such, a movant's burden in seeking to overturn a court's judgment is a heavy one. To prevail on a Rule 59(e) motion for reconsideration, a movant must show: "(1) an intervening change in controlling law; (2) the availability of new

---

[1] ECF No. 29 (notice of appeal); ECF No. 30 (motion for reconsideration). Plaintiff's notice of appeal is ineffective until entry of this order denying his timely Rule 59(e) motion. *See Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 2, 2022) (per curiam) ("Under Federal Rule of Appellate Procedure 4, the filing of a timely Rule 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the post-judgment motion." (citations omitted)).

1

evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

At the July 9, 2025 motion hearing, the Court dismissed Plaintiff's breach of contract claims related to his valuable personal property (VPP) insurance policy and his automobile insurance policy. To plead breach of contract, Plaintiff had to establish (1) the existence of a valid contract, (2) performance tendered by the Plaintiff, (3) breach by the defendant, and (4) damages sustained by Plaintiff as a result of the breach. *Smith Int'l, Inc. v. Egle Grp.*, LLC, 490 F.3d 380, 387 (5th Cir. 2007). The Court held that Plaintiff failed to state a claim for breach of contract because the pleadings and attachments, excluding his conclusory statements, did not establish the second prong of a breach of contract claim: performance tendered by the Plaintiff under the contract. Plaintiff did not satisfy the Conditions provision of his VPP policy because he refused to cooperate with the investigation and provide requested documentation to establish proof of ownership. Plaintiff also did not satisfy his automobile insurance policy's provisions establishing a six month premium of $2,514.29 and stating "PREMIUM DUE AT INCEPTION." After dismissing Plaintiff's breach of contract claims, the Court further held that Plaintiff's extracontractual claims did not survive the dismissal of his breach of contract claims.

Plaintiff requests reconsideration based on (1) manifest errors of law or fact, (2) newly discovered evidence, or (3) the need to prevent manifest injustice. ECF No. 30 at 1. Plaintiff's primary argument is that the Court erred in stating that "no insurance contracts existed." *Id.* Plaintiff does not quote directly from the hearing transcript. Although the Court misspoke about the lack of existence of a contract, the Court went on to explain the correct grounds for dismissal, namely Plaintiff's failure to establish that he fully performed under the contract such that Defendant breached the contract and caused him damages. Thus, Plaintiff has not established a

manifest error of law or fact that requires amending the Court's judgment of dismissal because the error did not impact the outcome. Further, Plaintiff presents alleged newly discovered evidence of Defendant's litigation misconduct, but even if this evidence qualifies as newly discovered, it does not alter the Court's legal analysis. Finally, Plaintiff fails to establish any manifest injustice from the dismissal of his complaint for failure to state a claim.

Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 30) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 11th day of July, 2025.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE